**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-4004-01-CR-C-FJG |
| | ) | |
| DAWN M. GALLEGOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Amend Restitution Order (Doc. No. 24). Defendant Dawn M. Gallegos pled guilty to Social Security fraud, and on September 27, 2012, was sentenced to 5 years probation.  Defendant was also ordered to make restitution in the amount of $165,498.  Doc. No. 23.  The Judgment and Commitment further provides that "If unable to pay the full amount immediately, defendant shall make monthly payments of $100 or 10 percent of gross income, whichever is greater, while on supervision."  Id.

Defendant filed the pending motion to amend/correct restitution on February 11, 2013.  Defendant indicates that she made her regular restitution payments until December 2012, when she was informed by the Social Security Administration ("SSA") that it would withhold her entire monthly social security disability check until February 2022, in order to recoup her overpaid benefits.  (This amounts to approximately $1,490.90 per month.)  Defense counsel states that defendant personally appealed this decision, but was informed by local SSA agents that the policy is that the SSA will pursue

100% recoupment each month unless a court indicates a contrary intent. Defense counsel indicates that he has learned that the SSA is honoring Judgment and Commitment orders that specify that only a portion of a recipient's benefit checks should be withheld. Defendant also notes that 18 U.S.C. § 3664(k) provides that a Court has authority to amend restitution order payment schedules upon receiving notice of a change in a defendant's economic circumstances. Defendant, therefore, requests that the Court modify her restitution schedule to read: "The SSA will withhold only $100 per month or 10% of monthly benefits (whichever is greater) from Ms. Gallegos's monthly benefits until restitution has been recovered."

The government opposes defendant's request to modify the restitution order. Plaintiff notes that consistent with its regulations and policies, the SSA has determined to withhold the full monthly benefit payment until it has been paid back in full. The government suggests that the Court lacks jurisdiction to prevent SSA from recouping its losses in this manner, as the Social Security Act and the SSA's regulations provide for the method of recouping overpayments. 20 C.F.R. 404.502(a) provides that, if the individual to whom overpayment was made is entitled to monthly benefits, "no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and (d) of this section, until an amount equal to the amount of the overpayment has been withheld or refunded." 20 C.F.R. 404.502(c) provides that when withholding the full amount every month would deprive the person of income necessary for living expenses, SSA may make adjustments so that some money may be paid to the individual; however, adjustments "will *not* be available if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate

failure to furnish, material information.   In such cases, recovery of the overpayment will be accomplished as provided in paragraph (a) of this section."   In other words, defendant's criminal conviction precludes her from taking advantage of this section.   The government also cites to several recent decisions where courts noted that they do not possess jurisdiction to modify restitution in such circumstances; instead, the defendant would need to challenge the recoupment process administratively through SSA.   See U.S. v. Brown, Case No. 09-0116, 2012 WL 75105 (W.D. Pa. Jan. 10, 2012); U.S. v. Young, Case No. 10-00006-TBR-2, 2012 WL 4023773 (W.D. Ky. Sept. 12, 2012); U.S. v. Theede, Case NO. 03-0996-01-PHX-DGC, 2010 WL 653422 (D. Az. Feb. 19, 2010).

After reviewing the authorities cited by the parties, the Court is convinced that it does not have jurisdiction to modify the restitution in the manner suggested by defendant. Instead, it is clear that under the applicable regulations, SSA is entitled to recoup the full amount of its losses in the manner it is now doing.   For the reasons stated by the government in its response (Doc. No. 25), defendant's motion (Doc. No. 24) is **DENIED.**

**IT IS SO ORDERED.**

Date: March 18, 2012                     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                          Chief United States District Judge